EXHIBIT "A"

FILED: RICHMOND COUNTY CLERK 12/13/2018 06:25 PM                INDEX NO. 153478/2018
NYSCEF DOC. NO. 1                                                RECEIVED NYSCEF: 12/13/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
----------------------------------------------------------------X

FITNETE BEGAJ,

                                Plaintiffs,

  -against-

TARGET CORPORATION,

                                Defendants.
----------------------------------------------------------------X

Plaintiff Designates
RICHMOND COUNTY
As the Place of Trial

The Basis of Venue is:
Plaintiff's residence

## SUMMONS

Plaintiff's Residence:
75 Mace Avenue
Staten Island, New York

**TO THE ABOVE NAMED DEFENDANT:**

      **YOU ARE HEREBY SUMMONED** to answer the Complaint in this Action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on the Plaintiff's attorneys within twenty (20) days after service of this Summons, exclusive of the day of service (or within 30 days after the service is completed if this Summons is not personally delivered to you within the State of New York); and in the case of your failure to Appear or Answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: Staten Island, New York
       December 13, 2018

*Edward W____*
EDWARD WAGNER, ESQ.
WAGNER & WAGNER, LLP
Attorneys for Plaintiff(s)
2508 Amboy Road
Staten Island, New York 10306
(718) 667-7400

TO:   TARGET CORPORATION, 1000 Nicollet Mall, TPS-3155, Minneapolis, MN 55403

FILED: RICHMOND COUNTY CLERK 12/13/2018 01:25 PM    INDEX NO. 153478/2018
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 12/13/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
------------------------------------------------------------------X
FITNETE BEGAJ,

                            Plaintiff,                    **VERIFIED COMPLAINT**

    -against-

TARGET CORPORATION,

                            Defendants
------------------------------------------------------------------X

        Plaintiff, complaining of the defendant, by her attorneys, WAGNER & WAGNER, LLP, hereby alleges the following upon information and belief:

1. At all times hereinafter mentioned, the plaintiff, Fitnete Begaj, was, and still is a citizen and resident of the County of Richmond, Borough of Staten Island, City and State of New York.

2. Upon information and belief, at all times hereinafter mentioned, the defendant, Target Corporation, was, and still is, a corporation organized and existing under and by virtue of the laws of the State of Minnesota, authorized to do business in the State of New York, with its principal offices located at 1000 Nicollet Mall, TPS-3155, Minneapolis, Minnesota 55403.

3. That this action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law & Rules.

4. That at all times herein mentioned, the real property known by the street address 2873 Richmond Avenue, Staten Island, New York (Tax Block 2460, Lot 1), together with improvements thereon and the appurtenances thereto, including, but

Page 1 of 5

not limited to a retail store, including all equipment and installations used in connection therewith (hereinafter referred to collectively as "the Premises") was, and still is, a commercial premises.

5. That at all times hereinafter mentioned, the defendant, Target Corporation, conducted business as a retail store at the Premises (hereinafter referred to as the "Target Store").

6. That at all times, hereinafter mentioned, the defendant, directly and/or indirectly, through its servants, agents and/or employees maintained the Target Store.

7. That at all times, hereinafter mentioned, the defendant, directly and/or indirectly, through its servants, agents and/or employees managed the Target Store.

8. That at all times, hereinafter mentioned, the defendant, directly and/or indirectly, through its servants, agents and/or employees operated the Target Store.

9. That at all times, hereinafter mentioned, the defendant, directly and/or indirectly, through its servants, agents and/or employees controlled the Target Store.

10. That at all times hereinafter mentioned, the defendant, had an affirmative duty to keep and maintain the Target Store, in good, whole, entire, safe, sound and suitable condition, free from hazards, nuisances, traps and dangerous and/or defective conditions.

11. On or about the 9th day of February, 2016, and for some time prior thereto, the defendant, through its agents, servants and employees, breached, violated and disregarded its affirmative duty, by causing suffering, permitting and allowing the Target Store, to become, be and remain in dangerous defective, unsafe and

Page 2 of 5

hazardous condition, so this it constituted a nuisance, hazard and trap to the unwary, particularly plaintiff herein.

12. On or about the 9th day of February, 2016, and for some time prior thereto, the defendant, in spite of actual notice, through its agents, servants and employees, breached, violated and disregarded its affirmative duty, by causing suffering, permitting and allowing the Target Store, to become, be and remain in dangerous defective, unsafe and hazardous condition, so this it constituted a nuisance, hazard and trap to the unwary, particularly the plaintiff herein.

13. On or about the 9th day of February, 2016, and for some time prior thereto, the defendant, in spite of constructive notice, through its agents, servants and employees, breached, violated and disregarded its affirmative duty, by causing suffering, permitting and allowing the Target Store, to become, be and remain in dangerous defective, unsafe and hazardous condition, so this it constituted a nuisance, hazard and trap to the unwary, particularly the plaintiff herein.

14. That on the 9th day of February, 2016, the plaintiff was lawfully present at the Target Store as a business invitee of the defendant.

15. At said time and place, while plaintiff was lawfully and carefully using the dressing rooms located at the Target Store, in the exercise of all due care, she was caused to fall by reason of the aforesaid unsafe, defective, dangerous, and hazardous condition, thereby resulting in serious and permanent personal injuries to the plaintiff.

16. That the said occurrence was directly the result of, and was due solely and wholly to, the negligence, carelessness and recklessness of the defendant, its agents, servants and/or employees, in the ownership, operation, management, maintenance, supervision, inspection, repair and control of the Target Store, in particular in failing to use due care in the maintenance and operation of the dressing rooms; in failing to use due care in the inspection and cleaning of the dressing rooms; in failing to use due care in keeping the dressing rooms free from debris; in failing to properly train the aforesaid servants, agents and/or employees of the defendant in the proper operation and maintenance of the dressing rooms; all without any fault, negligence, assumption of risk, lack of care, inattention, inadvertence, poor judgement, want of diligence, or other culpable conduct on plaintiff part contributing thereto.

17. That directly as a result of said occurrence, plaintiff, sustained serious personal injuries, a severe shock to her nervous system, and certain internal injuries, and has been caused to suffer severe physical pain and mental anguish as a result thereof. Upon information and belief, some of these injuries are of permanent and lasting nature. Plaintiff has been rendered, sick, sore, lame, scarred, disfigured, scarred and disabled; she has been and may in the future be incapacitated from her usual daily activities; and she has been and will in future be required to seek, obtain and undergo hospital, surgical, and/or other medical care, attention and treatment in an effort to cure herself of her said injuries, and to expend and become obligated for out-of-pocket sums of money in connection therewith.

Page 4 of 5

18. That by reason of the foregoing, the plaintiff has been damaged in a sum in excess of the maximum monetary jurisdiction of all lower courts.

**WHEREFORE,** Plaintiff, Fitnete Begaj, demands judgment against the defendant in a sum in excess of the maximum monetary jurisdiction of all lower courts together with the costs and disbursements of this action and interest from the date of the verdict to be rendered hereon.

Dated: Staten Island, New York
December 13, 2018

Yours, etc.

*[signature]*
EDWARD WAGNER, ESQ.

**WAGNER & WAGNER, LLP**
Attorneys for Plaintiff(s)
Office and Post Office Address
2508 Amboy Road
Staten Island, New York 10306
(718) 667-7400

## INDIVIDUAL VERIFICATION

State of New York            )
                             ) s.s.:
County of Richmond           )

Fitnete Begaj, being duly sworn, deposes and says that I am a Plaintiff in the within action; I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe it to be true.

_____
Fitnete Begaj

Sworn to before me this 13th
day of DECEMBER, 20 18

_____
Notary Public

> **EDWARD WAGNER**
> Notary Public, State of New York
> No. 01WA4880446
> Qualified in Richmond County
> Commission Expires Dec. 15, 2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

Index No.          Year 2018

---

FITNETE BEGAJ,

*Plaintiff(s),*

against

TARGET CORPORATION,

*Defendant(s).*

---

## SUMMONS AND VERIFIED COMPLAINT

---

WAGNER & WAGNER, LLP
Attorneys for Plaintiff(s)
2508 Amboy Road
Staten Island, New York 10306
(718) 667-7400